UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XIANG LI,

                              Plaintiff,

        -against-                                           5:10-CV-00801 (LEK/TWD)[1]

MARK SHELHAMER and THE
FEDERAL BUREAU OF
INVESTIGATION IN SYRACUSE, *et al.*,

                              Defendants.
_____

## MEMORANDUM-DECISION and ORDER

## I.    INTRODUCTION

        On July 6, 2010, *pro se* Plaintiff Xiang Li ("Plaintiff") initiated the instant action against

Defendants Mark Shelhamer ("Defendant Shelhamer") and the Federal Bureau of Investigation

("Defendant FBI") (collectively, "Defendants").  Dkt. No. 1 ("Complaint").  Plaintiff asserts causes

of action for defamation and intentional infliction of emotional distress against Defendant

Shelhamer, as well as the "Bivens doctrine of federal law."  Id. at 3.  Plaintiff also asserts causes of

action against Defendant FBI for "negligent hiring, negligent retention, [and] negligent supervision

[of]" Defendant Shelhamer.  Id.

        Presently before the Court is Defendants' Motion for summary judgment, filed on July 20,

2011.  Dkt. No. 28 ("Motion").  After the case was stayed for two months per a Request of Plaintiff

(Dkt. No. 31) ("Request for extension"), Plaintiff filed an Opposition to the Motion on October 17,

2011 (Dkt. No. 32) ("Opposition"), and Defendants filed their Reply on November 16, 2011.  Dkt.

_____

        [1] This case was transferred to United States Magistrate Judge Therese Wiley Dancks by
Order of Chief Judge Gary L. Sharpe dated February 10, 2012.  Dkt. No. 37.

No. 33 ("Reply").  Also before the Court are two Motions from Plaintiff asking the Court to strike

Defendants' Reply as untimely filed.  Dkt. Nos. 34, 36.  For the following reasons, Defendant's

Motion is granted and Plaintiffs' Motions are denied.

## II.    BACKGROUND

On May 19, 2008, following a jury trial, Plaintiff was convicted of eleven of twelve counts

of transmitting death threats in violation of 18 U.S.C. § 875.  United States v. Li, No. 5:07-cr-0272,

Dkt. No. 68 (N.D.N.Y. filed May 19, 2008).  Plaintiff is currently incarcerated and serving a prison

term of 114 months.  Id., Dkt. No. 109 (N.D.N.Y. filed Sept. 18, 2008).[2]  Defendant Shelhamer, a

special agent for Defendant FBI, initiated the criminal proceedings against Plaintiff by filing the

criminal complaint.  Id., Dkt. No. 1.  Plaintiff alleges that Defendant Shelhamer "intentionally,

willfully, and deliberately tampered [with] some alleged email messages [from Plaintiff] to make

them more likely to be interpreted [as] 'threatening'" towards some of his former colleagues on the

faculty at Morrisville State College.  Compl. at 1-2.  Plaintiff seeks: (1) letters of apology from both

Defendants; (2) proof of changes in hiring, training, evaluations and supervision of Defendant FBI's

agents or a fine of $100 million for each incident; (3) $41,000 for loss of property; and (4) $1

million for "each count of libel the [*Syracuse Post-Standard*] published and that were made by

Mark Shelhamer."  Id. at 4.[3]

---

[2] Plaintiff maintains his innocence and filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on February 25, 2011.  United States v. Li, Dkt. No. 131.  This motion was denied by United States District Judge David N. Hurd on July 7, 2011, and a certificate of appealability did not issue.  Id., Dkt. No. 147.  Plaintiff's appeal to the Second Circuit was dismissed on the grounds that Plaintiff had failed to make a "substantial showing of the denial of a constitutional right."  Id., Dkt. No. 155.

[3] For more information on the factual and procedural background of Plaintiff's criminal and civil proceedings, reference is made to previous Decisions and Orders issued by the Court in several other related cases that Plaintiff has brought against various individuals and entities involved in his

### III.    STANDARD OF REVIEW

Defendants seek dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(1), Rule 12(b)(6), or Rule 56 of the Federal Rules of Civil Procedure.  Rule 12(d) provides that if, on a motion pursuant to 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  Defendants have annexed several affidavits and exhibits to their Motion, which refer to matters beyond those addressed in Plaintiff's Complaint and which the Court has considered.  Rule 12(d)'s requirement that "all parties . . . be given a reasonable opportunity to present all the material that is pertinent to the motion" is also satisfied here, as Plaintiff had adequate notice that the Motion would be converted to one for summary judgment and in his Opposition does not appear to contest that conclusion.  FED. R. CIV. P. 12(d); In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985); Opp. at 7.  Defendants' Motion is thus most appropriately treated as one seeking summary judgment.

Rule 56 instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

criminal prosecution.  See Li v. Rogers, No. 5:10-cv-00803, Dkt. No. 17 (N.D.N.Y. filed June 16, 2011) (Kahn, J.); Li v. The Post Standard, No. 5:10-cv-00805, Dkt. No. 17 (N.D.N.Y. filed June 16, 2011) (Kahn, J.); Li v. Weinstock, No. 5:10-cv-00804, Dkt. No. 18 (N.D.N.Y. filed June 16, 2011) (Kahn, J.); Li v. Duncan, No. 5:10-cv-00802, Dkt. No. 18 (N.D.N.Y. filed June 16, 2011) (Kahn, J.); Li v. Iredell, No. 5:10-cv-00799, Dkt. No. 17 (N.D.N.Y. filed May 10, 2011) (Kahn, J.); Li v. Morrisville State College, No. 5:07-cv-01302, Dkt. No. 114 (N.D.N.Y. filed July 9, 2010) (Kahn, J.).

(1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

However, if the moving party has shown that there is no genuine dispute as to any material fact, the burden shifts to the non-moving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This requires the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998).  The Court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them."  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

IV.     DISCUSSION

   A.  Common Law Tort Claims

Defendants ask the Court to: (1) substitute the United States as the proper party defendant pursuant to the Federal Tort Claims Act ("FTCA"), and (2) dismiss the resulting action as barred by the statute of limitations and by the doctrine of sovereign immunity.  Defendants' Memorandum of law in support of summary judgment (Dkt. No. 28-1) ("Defs.' Mem.") at 10-15.  For the reasons that follow, the Court finds that both of these steps are warranted here.

The FTCA waives the United States government's sovereign immunity for cases sounding in tort "in accordance with the law of the place where the act or omission occurred."  28 U.S.C. §

1346(b)(1). The FTCA is now the exclusive remedy for tortious acts committed by federal employees while acting within the scope of their employment. Id. § 2679(b)(1). Section 2679(d) of the FTCA, also known as "the Westfall Act," provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding" initiated in federal court "shall be deemed an action against the United States under [the FTCA] . . . and the United States shall be substituted as the party defendant." Id. § 2679(d)(1). Once a court finds that an action may be deemed brought pursuant to the FTCA upon certification by the Attorney General, the action "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] . . . and shall be subject to the limitations and exceptions applicable to those actions." Id. § 2679(d)(4).

The United States Attorney for the Northern District of New York, Richard S. Hartunian, has certified that Defendant Shelhamer was acting within the scope of his employment at the time of the incidents alleged in the Complaint. Dkt. No. 28-2 at 1. Plaintiff does not argue to the contrary, and the Court finds that Defendant Shelhamer acted well within the scope of his employment in filing the criminal complaint against Plaintiff. See Sprecher v. Graber, 716 F.2d 968, 975 (2d Cir. 1983) (Securities and Exchange Commission staff attorney immune from defamation claim that arose in the course of investigation of plaintiff (citing Barr v. Matteo, 360 U.S. 564 (1959); Scherer v. Morrow, 401 F.2d 204 (7th Cir. 1968)); Tomscha v. Greenberg, No. 04 Civ. 2953, 2004 WL 1878749, at *3 (S.D.N.Y. Aug. 20, 2004); see generally Opp. Plaintiff's tort claims against Defendant FBI are similarly precluded by the FTCA, which bars such suits against federal agencies. 28 U.S.C. § 2679(a). Accordingly, the United States is substituted as the party defendant in this

case.

Defendants next argue that Plaintiff's Complaint must be dismissed in light of his failure to comply with the FTCA's requirement that a plaintiff first present a tort claim to the appropriate federal agency within two years of the alleged injury before filing a judicial complaint. 28 U.S.C. § 2401(b). Plaintiff's claims accrued at the latest in June 2007, when the *Syracuse Post-Standard* published the allegedly false statements made about him by Defendant Shelhamer in the criminal complaint. Compl. at 1. Plaintiff therefore was required by the FTCA to submit an administrative claim by June 2009. Plaintiff has proffered no evidence showing that he has complied with this requirement, or any argument as to why the FTCA should not apply in his case. Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's FTCA claims and they must be dismissed. Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999) (unless plaintiff complies with § 2401(b), "a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim," and "[t]he burden is on the plaintiff to plead and prove compliance with § 2401(b)") (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987)) (other citations omitted).

### B. *Bivens* Claims

The Court also finds that, to the extent any of Plaintiff's claims can be construed as claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), they also warrant dismissal. Defendants argue that these claims are barred by the three-year statute of limitations for Bivens claims. Defs.' Mem. at 18 (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)). Plaintiff argues that he is entitled to the doctrine of equitable tolling. Opp. at 2-9. However, even if Plaintiff's Bivens claims could be deemed timely, for the reasons that follow, they would nonetheless warrant dismissal by the Court.

First, a plaintiff bringing a claim under <u>Bivens</u> is required to "allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." <u>Thomas v. Ashcroft</u>, 470 F.3d 491, 496 (2d Cir. 2006) (citing <u>Bivens</u>, 403 U.S. at 389). Plaintiff's Complaint does not identify any constitutional rights that he claims have been violated, and he only conclusorily asserts in his Opposition that "he has identified constitutional rights and Defendant Shelhamer's misconducts [*sic*] that led to the constitutional violations." Opp. at 9. Nor can Plaintiff bring <u>Bivens</u> claims against Defendant FBI "[b]ecause the doctrine of *respondeat superior* does not apply in <u>Bivens</u> actions." <u>Thomas</u>, 470 F.3d at 496-97; <u>see also</u> <u>Schweitzer v. Dep't of Veterans Affairs</u>, 23 F. App'x 57, 59-60 (2d Cir. 2001) (summary order) (citing <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 484 (1994)). Plaintiff's <u>Bivens</u> claims must therefore be dismissed for failure to state a claim upon which relief may be granted.

Second, Plaintiff's claims that Defendant Shelhamer defamed him through statements made in the criminal proceeding that resulted in his conviction are barred by the doctrine of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Under <u>Heck</u>, plaintiffs may not bring successful civil claims that would otherwise implicate the validity of their criminal convictions until those convictions are vacated or otherwise invalidated. 512 U.S. at 486-87. Plaintiff's argument in his Opposition that the <u>Heck</u> doctrine cannot apply to defamation actions is simply incorrect. Opp. at 11-12; <u>see</u> <u>Lane v. Papadimitrious</u>, No. 6:10-CV-647, 2010 WL 2803468, at *1 (N.D.N.Y. July 14, 2010) (dismissing plaintiff's slander claims arising from his state criminal trial as barred by <u>Heck</u>). Plaintiff's <u>Bivens</u> claims against Defendant Shelhamer are therefore also barred by <u>Heck</u>.

Because Plaintiff's claims warrant dismissal for failure to state a claim and are barred by <u>Heck v. Humphrey</u>, the Court does not address arguments as to the timeliness of Plaintiff's <u>Bivens</u>

claims or as to whether Defendant Shelhamer was entitled to qualified immunity.

**V.      CONCLUSION**

Finally, turning to Plaintiff's Motions to strike Defendants' Reply as untimely, the Court considers that although Defendants' Reply deadline was in fact November 7, 2011, and the Reply was not filed until November 16, the tardiness appears to have been the result of an error in the text of the docket notice e-mailed to Defendants' counsel. The docket notice erroneously stated that Defendants' Reply was due on November 18, 2011, whereas the endorsement of the Court on Plaintiff's Request for extension provided the correct deadline of November 7. Dkt. No. 31; <u>see also</u> Defendants' Response to Plaintiff's motion to strike (Dkt. No. 35). In light of the confusion caused by the clerical error, the Court does not find it appropriate to strike Defendants' Reply as untimely. Plaintiff's Motions are therefore denied.

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 28) is **GRANTED**; and it is further

**ORDERED**, that the United States is substituted as the proper party Defendant to this action pursuant to the Federal Tort Claims Act; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED in its entirety**; and it further

**ORDERED**, that Plaintiff's Motions to strike Defendants' Reply (Dkt Nos. 34, 36) are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:      March 20, 2012
              Albany, New York

Lawrence E. Kahn
U.S. District Judge